■ In the Matter of KHA'SUN CREATOR ALLAH, Appellant, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [45 NYS3d 717]—

Appeal from a judgment of the Supreme Court (Platkin, J.), entered January 19, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of disorderly conduct, creating a disturbance, refusing a direct order and interference with an employee. The determination was upheld on administrative appeal with a reduced penalty. Petitioner commenced this CPLR article 78 proceeding and, after issue was joined, Supreme Court dismissed the petition on the merits. This appeal ensued.

We affirm. Petitioner's sole contention on appeal is that he was denied the right to call a requested witness because the Hearing Officer failed to adequately ascertain the reason that the inmate refused to testify. We are unpersuaded. At the hearing, petitioner denied that the incident giving rise to the charges had occurred and requested that the inmate who was in the adjacent cell during the incident be called as a witness. The Hearing Officer adjourned to contact the witness and, when the hearing resumed, the Hearing Officer stated, "I've also asked [the requested] inmate . . . and he is refusing" and "he doesn't want to testify." The refusal to testify form states that the inmate refused to provide a further reason for his refusal and declined to sign the form.* There is no indication in the record that this inmate had previously agreed to testify and the record reflects that the Hearing Officer personally ascertained the inmate's reason for refusing, i.e., that he did not want to testify (see Matter of Hyatt v Annucci, 141 AD3d 977, 979 [2016]; Matter of Broadie v Annucci, 131 AD3d 1324, 1324-1325 [2015]; see also Matter of Cortorreal v Annucci, 28 NY3d 54, 58-59 [2016]). Accordingly, we find that there was an

---

* The two signatures on the witness refusal form are not decipherable and, thus, it is not clear if it was signed by the Hearing Officer. Even assuming, arguendo, that the Hearing Officer did not personally question the requested inmate, an inquiry through the correction officer who obtained the refusal is adequate to protect petitioner's right to call witnesses (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]).

adequate inquiry of the witness who refused to testify and that petitioner's right to call witnesses was protected.

Peters, P.J., Egan Jr., Rose, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.